UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2139 |
| | § | |
| LONE STAR LEGAL AID, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff AmGuard Insurance Company's ("AmGuard") motion to dismiss defendant BancorpSouth Bank's ("Bancorp") counterclaims. Dkt. 30. Bancorp responded. Dkt. 38. Having considered the motion, response, and applicable law, the court is of the opinion that AmGuard's motion (Dkt. 30) should be GRANTED.

### I. BACKGROUND

In 2014, Bancorp extended defendant Lone Star Legal Aid ("Lone Star") a $1.2 million line of credit secured by a Real Estate Deed of Trust ("Deed of Trust") granting Bancorp an interest in Lone Star's principal office building ("Building") located at 1415 Fannin Street in Houston, Texas. Dkt. 38 at 2-3.

The Deed of Trust requires Lone Star to maintain property insurance on the Building that both named Bancorp as a loss payee and included a standard mortgage clause. Dkt. 38-1 at 7. Lone Star, through its insurance broker and co-defendant BXS Insurance, Inc. ("BXSI"), obtained an insurance policy from AmGuard covering the Building and other Lone Star properties for the period between June 10, 2017 and June 10, 2018 ("Policy"). Dkt. 26 at 6. The Policy included a standard mortgage clause and named Bancorp as both loss payee and mortgage holder. *Id.*; Dkt. 38 at 10.

The mortgage clause provides that if AmGuard denies a claim "because of [Lone Star's] acts or because [Lone Star] failed to comply with the terms of the policy, [Bancorp] will still have the right to receive loss payment," subject to certain conditions precedent. Dkt. 26-1 at 7.

On or about August 28, 2017, the Building suffered fire and water damage that Bancorp alleges rendered the building uninhabitable. Dkt. 26 at 6-7. Lone Star filed a loss claim with AmGuard for coverage under the Policy. Dkt. 38 at 8. AmGuard denied Lone Star's claim because the Building did not have an automatic sprinkler system, which the Policy required, and therefore Lone Star did not comply with the terms of the Policy. *Id.* at 7.

Lone Star owed Bancorp approximately $1.1 million at the time of the fire. Dkt. 38 at 11. On July 5, 2018, Bancorp and Lone Star extended their credit agreement at which point the outstanding debt equaled $0. Dkt. 38-1 at 26.

AmGuard filed this suit against Lone Star, Bancorp, and BXSI seeking a declaration of the rights and obligations of the parties under the Policy. Dkt. 1. Bancorp and BXSI answered and filed counterclaims against AmGuard seeking declaratory relief, and claiming breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. Dkt. 26. AmGuard now moves to dismiss Bancorp's counterclaims, arguing that Bancorp has no standing to bring its counterclaims.[1] Dkt. 30.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In determining whether the court has subject matter

---

[1] AmGuard does not seek dismissal of BXSI's counterclaims. Dkt. 30 at 2. AmGuard answered BXSI's claims on November 2, 2018. Dkt. 31. The court has not considered the merit of those counterclaims in deciding this motion.

jurisdiction, [it] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) "[A] trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

Constitutional standing is a question of subject matter jurisdiction. *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017). "To establish Article III standing, a plaintiff must show[:] (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Crane*, 783 F.3d at 251.

### III. ANALYSIS

Bancorp contends that AmGuard's denial of Lone Star's claim for coverage breached contractual, common law, and statutory duties owed to Bancorp. Dkt. 26. AmGuard seeks dismissal of Bancorp's counterclaims for lack of standing because Bancorp has no injury of which to compain. Dkt. 30 at 4-5. AmGuard asserts Bancorp has no injury because the Policy only covers Bancorp's "financial interest" in the Building and Bancorp's relevant financial interest was extinguished when Bancorp and Lone Star renewed their credit agreement on July 5, 2018 and acknowledged no outstanding debt. Dkt. 30. In response, Bancorp argues that it suffered injury to its secured interest in the Building. Dkt. 26.

"The purpose of the loss-payable clause in an insurance policy is to protect the security interest of the mortgagee who has advanced money to others. . . ." *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 584 (Tex. App.—San Antonio 2002, pet. denied) (citing *Helmer v. Tex. Farmers Ins. Co.*, 632 S.W.2d 194, 196 (Tex. App.—Fort Worth 1982, no writ)). "The policy, in case of loss

3

or damage to the property, will pay to the extent of the mortgagee's interest in the property whatever that amount is so that the mortgagee, who has advanced money on the property, will be protected." *Helmer*, 632 S.W.2d at 196. When no indebtedness between an insured and its mortgagee exists, no indebtedness or liability runs to the mortgagee from the insurance company. *Id.*; *Campagna v. Underwriters at Lloyd's London*, 549 S.W.2d 17, 19 (Tex. App.—Dallas 1977, writ ref'd n.r.e.). This is true even when the debt is extinguished subsequent to the claimed damage. *Smith*, 82 S.W.3d at 584-86; *Helmer*, 632 S.W.2d at 195-96; *Campagna*, 649 S.W.2d at 19.

Bancorp argues that its security interest is not extinguished when Lone Star pays off all outstanding debt but remains in effect as long as the line of credit is available to Lone Star. *Id.* No Texas court has considered the indebtedness or liability to a mortgageholder from an insurance company when the security interest continues after all indebtedness is retired. "If no state court decisions control, we must make an '*Erie* guess' as to how the Texas Supreme Court would apply state law." *Beavers v. Metro. Life. Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Under Texas law, the loss payable clause in an insurance contract ensures "that the mortgagee, who *has advanced* money on the property, will be protected." *Helmer*, 632 S.W.2d at 196 (emphasis added). "A mortgagee's insurable interest under an insurance policy containing a mortgagee loss-payable clause is limited to the indebtedness the mortgagor owes under the note and mortgage," not any potential future advances to the mortgagor or any ongoing interest the mortgagee maintains in the subject collateral. *Campagna*, 649 S.W.2d at 19; *see Smith*, 82 S.W.3d at 584-86; *Helmer*, 632 S.W.2d at 195-96. Because the loss payable clause concerns funds already advanced, the debt outstanding at the time of loss or damage to the property could be properly considered the potential liability to Bancorp from AmGuard under the Policy, but when the debt was extinguished, Bancorp was made whole. To allow otherwise would open the door for Bancorp to recover from

4

AmGuard a debt that has already been paid thereby undermining the one-satisfaction rule. *See Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 106-107 (Tex. 2018) ("[A]n injured party is entitled to but one satisfaction for the injuries sustained by him.") (quoting *Bradshaw v. Baylor Univ.*, 84 S.W.2d 703, 705 (Tex. 1935)).

Bancorp pled the outstanding debt on the date the Building was damaged was $1,146,990. Dkt. 38 at 7. Bancorp further alleged that this debt was retired on or prior to July 5, 2018 when Bancorp and Lone Star mutually acknowledged the outstanding debt on the line of credit equaled $0. Dkt. 38-1 at 26. Because the relevant indebtedness was retired completely, Bancorp has no injury remaining for which it may recover from AmGuard. Consequently, Bancorp cannot meet the injury in fact requirement for constitutional standing, and AmGuard's motion to dismiss under Rule 12(b)(1) must be GRANTED.

### IV. CONCLUSION

AmGuard's motion to dismiss Bancorp's counterclaims (Dkt. 30) is GRANTED.

Signed at Houston, Texas on August 27, 2019.

_____
Gray H. Miller
Senior United States District Judge